UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH GIBSON,**

    **Plaintiff,**

v.                                           Case No: 8:14-cv-1190-T-27AEP

**TECHTRONIC INDUSTRIES NORTH
AMERICA, INC., ONE WORLD
TECHNOLOGIES, INC., and RYOBI
TECHNOLOGIES, INC.,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Techtronic Industries North America, Inc., One World Technologies, Inc., and Ryobi Technologies, Inc. (herein collectively referred to as "Defendants") Motion to Dismiss Count III (Dkt. 4). Plaintiff Joseph Gibson ("Plaintiff") has not responded and the time in which to do so has expired,[1] therefore, it is deemed unopposed. Upon consideration, the Motion is GRANTED.

**I. BACKGROUND**

Defendants designed, manufactured, marketed, distributed and/or sold a Ridgid TS3650 table saw, serial no. 054895206 ("Ryobi saw") (Dkts. 2 & 4 at ¶¶ 7-8). Plaintiff brought this action against Defendants because on April 26, 2008, while using the Ryobi saw, he suffered injuries to his fingers after coming into contact with the saw's rotating blade (Dkt. 2 at ¶13). Plaintiff claims that his injuries could have been "eliminated or reduced" due to safety technology named SawStop, which has been available since the year 2000, that can "stop the spinning saw blade almost instantly

---

[1] Plaintiff must timely respond to the motions filed by other parties in this case, for if he does not timely respond to such a motion, the Court may assume that Plaintiff does not oppose that motion and any relief requested therein. If a party has missed a filing deadline, the party must file motion seeking leave of Court to file the document out of time. Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within 14 days after Plaintiff is served with that motion by his opponent and may not exceed 20 pages.

upon contact with human skin" (*id.* at ¶¶ 9-10). Plaintiff avers Defendants could have incorporated this technology into the Ryobi saw through a licensing agreement with its inventor (*id.* at ¶ 10). Plaintiff concludes that Defendants' failure to use SawStop or incorporate similar technology resulted in the Ryobi saw being "unreasonably dangerous as designed and manufactured" (*id.* at ¶ 12).

Defendants move to dismiss with prejudice Count III of Plaintiff's Complaint, Breach of Implied Warranty of Fitness (Dkt. 2 at 6), due to lack of privity. They allege that "[a] breach of warranty claim requires privity and [that] Plaintiff is not in privity with [them]" (Dkt. 4). Defendants argue that in this product liability case, in order for Plaintiff to be in privity with them, he would have had to buy the product directly from them. *Id.* They assert that Plaintiff did not allege in his Complaint to be in privity with them and cannot do so. *Id.*

## II. STANDARD

A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require detailed factual allegations, but it demands more than an unadorned, conclusory accusation of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."

2

*Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd sub nom. Ashcroft v. Iqbal*, 556 U.S. 672 (2009)). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.*

All of the factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. DISCUSSION

"In Florida[,] a manufacturer, assembler or seller may be sued, subject to certain limitations, under breach of implied warranty and strict liability theories whenever personal injury or property damage results from the use of a product it has manufactured, assembled or sold." *Hurley v. Larry's Water Ski Sch.*, 762 F.2d 925, 927 (11th Cir. 1985). In the seminal case *West v. Caterpillar Tractor Co., Inc.*, 336 So.2d 80 (1976), the Florida Supreme Court adopted the strict liability doctrine for product liability cases in order to eliminate a notice requirement, restrict the effectiveness of disclaimers, and abolish the privity requirement. *Id.* at 88.

"In its broadest sense, 'privity' is . . . [a d]erivative interest founded on, or growing out of, contract, connection, or bond of union between parties; mutuality of interest." *Taddiken v. Fla. Patient's Comp. Fund*, 478 So. 2d 1058, 1062 (Fla. 1985). The *West* Court explained that the Florida Legislature's adoption of the Uniformed Commercial Code would not prevent a consumer from having both a claim in tort under strict liability and in contract under implied warranty. *Id.* at 87-88.

3

> The adoption of the doctrine of strict liability in tort does not result in the demise of implied warranty. If a user is injured by a defective product, but the circumstances do not create a contractual relationship with a manufacturer, then the vehicle for recovery could be strict liability in tort. If there is a contractual relationship with the manufacturer, the vehicle of implied warranty remains.

*Id.* at 91; *see also T.W.M. v. Am. Med. Sys., Inc.*, 886 F.Supp. 842, 844 (N.D. Fla. 1995) (in order to recover under breach of express or implied warranty the plaintiff must be in privity of contract with the defendant). "A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant." *T.W.M.*, 886 F.Supp. at 844.

Plaintiff brought this action under theories of strict liability, negligence and breach of implied warranty of fitness (Dkt. 2). Plaintiff failed to allege any facts that would place him in privity with Defendants, however. He does not mention where he purchased the Ryobi saw, or more importantly, whether he did so directly from one or all of the Defendants. Since Plaintiff has failed to allege an essential element of the breach of implied warranty cause of action, it must be dismissed with prejudice.

Accordingly,

1. Defendants' Motion to Dismiss Count III Breach of Implied Warranty of Fitness (Dkt. 4) is **GRANTED**.

2. Count III of the Complaint (Dkt. 2 at 6) is **DISMISSED**.

**DONE AND ORDERED** this 10th day of June, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record